## SMITH v. AUDITORIUM BLDG. OPERATING CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8557. Decided Feb. 27, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

941. PRACTICE & PROCEDURE—465. Error Proceedings.
Court of Appeals will not act as instructor for trial judge. Trial Court must make ruling and it must be final judgment, before error can be prosecuted.

Error to Municipal Court.
Petition dismissed.

Rodway Perris, Cleveland, for Smith.
Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for Auditorium Bldg. Co.

FULL TEXT.
VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland and it surely presents a comedy of errors.

It seems that the plaintiff in error brought an action in tort for $225.00 damages against The Auditorium Building Operating Company. Some time thereafter, perhaps within rule, the defendant made a motion to make the petition more definite and certain, whereupon the plaintiff below made a motion to strike that motion from the files, because it was alleged in open argument that it was a sham pleading. At the same time he made another and singular motion; that is, for judgment on the pleadings. He now says that he asked for a default judgment, but his motion is in writing. It is plain and succinct, unequivocal and unambiguous, and that is a motion for a judgment upon the pleadings.

Now remember there was only one pleading and that was the petition drawn by the plaintiff who makes a motion for judgment on his own pleading. A singular proposition. Now at this time there was a motion pending to make the petition more definite and certain. Just why this motion to strike off and the motion for judgment should be filed at the same time, we do not know, but however that might be, the court did strike the motion to make definite and certain from the files and then the plaintiff pressed his motion for a judgment on the pleadings. He says he made orally a demand to have a default entered and have the case sent to a room, under the rules of the Municipal Court, for the assesment of damages, but the transcript that is before us, which must govern us, shows no such thing. As already stated, his motion was clear, unequivocal,—a motion for judgment upon the pleadings. In other words, the plaintiff filed a petition for $225 and then he makes a motion for the court to enter up judgment for that much on his petition.

The error complained of by the plaintiff in error, who was plaintiff below, is that the court refused this motion and permitted the defendant below, The Auditorium Building Operating Company, leave to plead, and subsequently it did file a statement of defense.

A close scrutiny of the transcript will show that no judgment for the plaintiff or defendant was entered in the court below. It seems that the purpose of this proceeding is to have this court instruct the Municipal Judge just how he should perform his duties. Well, I for one, decline to act as an instructor to the trial judge. When cases come up here and final judgment is entered and the court has made a ruling and exceptions have been properly taken to it and the ruling is wrong, I will be one to help instruct the judge as to what his ruling ought to have been, but he must make his ruling first and it must be a final judgment before error can be prosecuted. It seems that this procedure is so simple that it ought to be known to lawyers by this time.

We are not saying but what the court may have committed error, and if it had gone to a final judgment they may have taken exceptions and saved their error and there might have been some avail in a hearing in this court, but there is nothing to indicate but what on trial in the court below the plaintiff might have recovered a judgment and for the entire amount, and he would have no grievance of any kind or shape. Consequently we do not see what we can do, inasmuch as there is no final judgment except to dismiss the petition in error. The case is already pending in the Muncipal Court.

We are told orally that what we are asked to do is to send the case back with instructions to the trial judge as to how he shall govern himself. I have already said that we do not instruct until after there has been a final judgment and the court has made a ruling which is erroneous or otherwise.

The petition in error is, therefore, dismissed. Levine, J., concurs.

(Sullivan, PJ., not sitting.)